UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            REPORT & RECOMMENDATION

             Plaintiff,

                            20-MJ-4136

             v.

SAMUEL BOIMA,

             Defendant.
_____

On August 14, 2020, this Court ordered that defendant Samuel Boima undergo a psychiatric or psychological examination to determine whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket # 7). The facts that led the Court to determine that reasonable cause existed to believe that Boima might not be competent and to decide *sua sponte* to order an evaluation are summarized in the August 14, 2020 order. (*See id.*).

Boima was evaluated in September 2020 by Kari M. Schlessinger, Psy.D., Ph.D., a forensic psychologist at the Metropolitan Correctional Center ("MCC"). (Docket # 9). On or about October 22, 2020, this Court received Dr. Schlessinger's report diagnosing Boima with "unspecified schizophrenia spectrum and other psychotic disorder" and opining that he is not competent to stand trial. (*Id.*). A competency hearing was held on June 2, 2021.[1] For the

---

[1] The hearing was adjourned several times in order to permit defense counsel to meet in person with her client and prepare for the hearing – an undertaking that was impeded by the lengthy COVID-19 pandemic. (*See* Docket ## 10, 11, 12, 14, 15).

reasons explained more fully below, I recommend that the district court determine that Boima is not currently competent to stand trial and commit him to the Bureau of Prisons for a period not to exceed four months to determine if he may be restored to competency.

In her report, Dr. Schlessinger noted that court documents reflect that Boima came to the United States from Sierra Leone when he was twelve years old, following a traumatic early childhood in which he witnessed and suffered significant violence and brutality. (*Id.* at 3). Dr. Schlessinger noted that there were no available mental health treatment records for Boima. (*Id.* at 3, 5). Throughout his period at MCC, Boima was observed to be "generally uncooperative," "often illogical and highly agitated," and "his communications were not rational." (*Id.* at 5). According to her report, Dr. Schlessinger opined, "[b]ased upon . . . available records and current behavioral observations, Mr. Boima appears to be actively psychotic." (*Id.* at 7). She further noted that "he displayed delusional thought content and significant paranoia and suspicious beliefs towards [her], the Court system and the government." (*Id.*). Because of Boima's "guarded and evasive demeanor," Dr. Schlessinger was unable to diagnose him with a specific psychotic disorder. (*Id.* at 8). In addition, Dr. Schlessinger noted that, as a result of his experiences in Sierra Leone, he "may meet the criteria for PTSD," although the "breadth and depth" of his trauma and symptoms could not be assessed without cooperation from Boima. (*Id.*). In sum, she concluded that Boima does not have a rational or factual understanding of the proceedings against him and is not capable of assisting counsel with his defense. (*Id.* at 10).

With respect to Boima's prognosis, Dr. Schlessinger opined in her report that he was unlikely to improve without psychotropic medication and intensive treatment. (*Id.* at 8).

She concluded her report with a recommendation that Boima be committed to the Bureau of Prisons to determine whether he may be restored to competency. (*Id.* at 11).

At the competency hearing on June 2, 2021, Dr. Schlessinger testified that she is currently employed as the Chief Psychologist at the Metropolitan Detention Facility in Brooklyn.[2] She has conducted approximately 400 competency evaluations in her career and has testified approximately thirty times, most often in federal court.

As Dr. Schlessinger testified, in September 2020, while she was still employed as a forensic psychologist at MCC, she conducted an evaluation in response to this Court's order to determine whether Boima is competent to stand trial. During September 2020, when Boima was at MCC, Dr. Schlessinger personally met with him on four occasions for a total of about four hours. She had brief, passing interactions with him on other occasions. Dr. Schlessinger testified that Boima never agreed to come out of his cell, was defensive, referred to her as an "imposter," and generally refused to provide any information to her about his background. The information that she included in her report about his family background and experiences in Sierra Leone derived from her review of court records and transcripts. According to Dr. Schlessinger, during their interactions, Boima presented as psychotic with paranoid features. She explained that Boima exhibited fear of her, his attorney and the government, at times expressed belief that his food was being poisoned, and stated that he did not have criminal charges pending against him.

Based upon her observations of and interactions with Boima, and her review of available records, Dr. Schlessinger diagnosed him with (1) unspecified schizophrenia spectrum

---

[2] The summary of the hearing testimony is based upon this Court's review of the recording of Dr. Schlessinger's testimony. (*See* Docket # 17).

and other psychotic disorder and (2) posttraumatic stress disorder, rule out. She explained that the first diagnosis reflects that Boima may not meet the full criteria for a diagnosis of schizophrenia, but exhibits signs of being delusional and presenting with features of paranoia. Dr. Schlessinger testified that her difficulty in making a "complete" diagnosis of schizophrenia owed to her inability to obtain a complete background history on Boima and his lack of cooperation with the evaluation. As to the second diagnosis, she likewise was unable to give a full PTSD diagnosis due to the limited information she had about his childhood in Sierra Leone. According to Dr. Schlessinger, at the time of the MCC evaluation, Boima denied that he had ever been in Sierra Leone.

Dr. Schlessinger testified that in her opinion Boima was not competent to stand trial. She elaborated that his mental illness, particularly his delusions and paranoia, would make it difficult if not impossible to assist with his defense and participate in court proceedings. In Dr. Schlessinger's opinion, Boima's prognosis for spontaneous remission was poor without medication; with psychotropic medication, she was hopeful that his delusions and paranoia could be eliminated and that he would gain understanding and insight into his mental illness.

Based upon the testimony of Dr. Schlessinger, which I find credible, I recommend that the district court determine that Boima suffers from a mental disease that currently renders him incompetent to stand trial. I further recommend that Boima be committed to the custody of the Bureau of Prisons for a reasonable period, not to exceed four months, to determine "whether

there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       June 30, 2021

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                      *s/Marian W. Payson*
                      MARIAN W. PAYSON
                      United States Magistrate Judge

Dated: Rochester, New York
       June 30, 2021

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed.  *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).