UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                       Plaintiff,

v.

SAMUEL BOIMA,

                       Defendants.

DECISION AND ORDER

20-MJ-4136

---

Defendant Samuel Boima ("Boima") is charged by Complaint with assault of a federal officer in violation of 18 U.S.C. § 111(a)(1) because he allegedly spat at the officer.

A psychological assessment was ordered to determine Boima's competency to stand trial pursuant to 18 U.S.C. § 4241. Boima was examined at the Metropolitan Correctional Center in New York and a Psychologist, Dr. Kari Schlessinger, issued a Report, dated October 7, 2020 (Dkt. #9) concluding that Boima suffered from schizophrenia. That Report concluded with the opinion that Boima was not competent to stand trial. On July 15, 2021, this Court issued an Order (Dkt. #21) finding Boima not competent to stand trial and the Court directed that he be committed to the Bureau of Prisons pursuant to 18 U.S.C. § 4241(d) for a period of time to determine whether he could be restored to competency.

The Court held a two-day hearing, on June 29, 2022, and a continuation of the hearing on September 27, 2022, concerning restoration to competency. At the hearing, two witnesses testified on behalf of the Government. The first witness, Dr. Kristina P. Lloyd, a Forensic Psychologist testified and her Report (Dkt. #24), dated March 21, 2022, was received into

evidence. The second witness, Dr. Charles Cloutier, a Staff Psychiatrist at the Butner Federal Medical Center, also testified and submitted his Report, dated July 19, 2022, which was also received into evidence. The Cloutier Report entitled "Forensic Addendum" also contained an appendix titled "FMC Butner *Sell* Appendix 2021" which described the practice, procedure, and protocol for treating inmates with schizophrenia or other severe psychotic disorders.

Both Drs. Lloyd and Cloutier were subjected to cross-examination at some length, and both determined that Boima suffered from schizophrenia, but that there was a substantial probability that his competency to stand trial could be restored with appropriate medication, specifically psychotropic medication. Reports from both doctors indicated that Boima had been advised of the need for such medication but had refused to agree to the treatment; both doctors also recommended that the Court enter an order compelling Boima's treatment with psychotropic medication which could be administered forcibly, if necessary. Boima's counsel objected to forced administration of the medication.

This Court is cognizant of two United States Supreme Court cases, *Washington v. Harper*, 494 U.S. 210 (1990) and *Sell v. United States*, 539 U.S. 166 (2003), which address issues involved in forced administration of antipsychotic medication. The Court has considered the directives and recommendations of both cases.

Dr. Cloutier's Report stated that to a reasonable degree of medical certainty, the involuntary administration of antipsychotic medication is substantially likely to render Boima competent to stand trial. The Report also concluded that less intrusive treatment would be unlikely to achieve the same results (Cloutier Report at pg. 4). Both Dr. Lloyd and Dr. Cloutier testified that there were some side effects connected with such antipsychotic medication, but that

those side effects could be monitored and treated. The proposed drug regime, Haloperidol, could be modified as necessary.

In Dr. Cloutier's Report, he opined that such medication was relatively successful, that is, between 70%-80% of patients receiving such medication eventually were restored to competency. He also indicated that treatment may take between four to eight months to be most effective. More importantly, Dr. Cloutier opined that without the treatment, Boima's psychosis would not improve, but would worsen. (Cloutier Report, pg.4).

Both Dr. Lloyd and Dr. Cloutier set forth the benefits and potential side effects of forced medication and the Court believes that without medication, which Boima has refused to take voluntarily, there is virtually no chance that Boima would be restored to competency.

The Court's Order of July 15, 2021 finding Boima incompetent also complied with the statute and directive that Boima be confined to a Bureau of Prisons facility for proceedings to determine if he could be restored to competency. It is that issue that the Court must determine. Based on the several medical opinions from Dr. Lloyd and Dr. Cloutier, I believe there is a substantial probability that with appropriate antipsychotic medication, whether voluntarily taken or involuntarily administered, Boima would be restored to competency to face the pending charge, the medication would treat Boima's significant mental illness.

## CONCLUSION

The Government's motion (Dkt. #25) to administer antipsychotic medication to the defendant, Samuel Boima, to treat his mental disease and attempt to restore him to competency is **granted**. The Court orders Boima to take such medication voluntarily but, if he refuses, then the

Bureau of Prisons at FMC Butner may, pursuant to this Order and the facility's procedures and protocols, administer the appropriate medication forcibly, under the following conditions:

1. Mental health professionals at FMC Butner are authorized to devise a plan of treatment for defendant Samuel Boima's schizophrenia that includes medical therapy and psychotherapy.
2. The treatment regimen must begin with an attempt by a psychiatrist to consult with Mr. Boima to discuss the medications and specific issues related to each medication as part of devising a treatment plan.
3. Mr. Boima must be given the opportunity to agree with a treatment plan within the range of options made available to him, including the mode of administration of medications. Boima must be provided with a copy of this Order.
4. If Mr. Boima refuses medical treatment, the assigned BOP psychiatrist may administer medication forcibly.
5. The medications that the psychiatrists at FMC Butner may administer are limited to Haloperidol Lactate and/or Haloperidol Decanoate, and, as symptoms decrease and compliance and insight improve, oral formulations of antipsychotic medications, including those with lower side effects profiles such as Risperidone or Aripiprazole, may be used.
6. The medication must be administered at first in the smallest dose that is appropriate to achieve an effective therapeutic level, and the BOP medical staff at FMI Butner must monitor Mr. Boima and adjust dosages as necessary and appropriate for optimum effectiveness.

4

7. BOP psychiatrists at FMC Butner are authorized to administer conjunctive medications to mitigate any side effects of the primary medication, as appropriate.

8. The treatment may continue for four (4) months, or a lesser period of time reasonably sufficient to restore Mr. Boima to competency; at the end of the four (4) month period, or earlier if Mr. Boima's competency is restored, the BOP must file a report with the Court describing the results of the treatment.

IT IS SO ORDERED.


Dated:   January 19, 2023
         Rochester, New York

_____
DAVID G. LARIMER
United States District Judge