UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

           v.

SAMUEL BOIMA,

                         Defendant.

_____

DECISION AND ORDER

20-MJ-4136

Defendant, Samuel Boima, has a serious mental illness – schizophrenia.  His illness is so severe that Boima was found incompetent to stand trial on a pending assault charge.  Boima is now confined at FMC Butner.

Doctors there recommend treating Boima with psychotropic medication to aid in restoring him to competency and, of course, to treat his severe mental illness.  Perhaps in part because of his mental illness, Boima has refused to take the recommended medication.  Evidence presented at a hearing before this Court established that without medication, there is virtually no chance that Boima would be restored to competency and that without treatment, his psychoses would not improve, but worsen.

Samuel Boima is sick with a serious mental disease and he needs treatment for it.

On January 19, 2023, the Court issued a Decision and Order granting the Government's motion (Dkt. #25) to administer antipsychotic medication to the defendant, to treat his mental disease and attempt to restore him to competency.  Familiarity with that Decision and Order and with the factual and procedural background of this case is assumed.

Through counsel, defendant has moved for a stay of the Court's order, for the purpose of seeking review by the Court of Appeals for the Second Circuit.  Counsel argues that a stay pending appeal is necessary to prevent Boima from being irreparably harmed as a result of being medicated over his objection.

The "determination whether to enter a stay pending an interlocutory appeal is within the discretion of the district court."  *See Sutherland v. Ernst & Young LLP*, 856 F.Supp.2d 638, 640 (S.D.N.Y. 2012) (citing *Nken v. Holder*, 556 U.S. 418 (2009)).  Issuance of a stay "is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  *Nken*, 556 U.S. at 433 (2009) (internal quotation marks and citations omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.* at 433-34.

Courts consider four factors when determining whether to stay a case during the pendency of an interlocutory appeal:  (1) likelihood of success in the appeal; (2) whether the requesting party would be irreparably injured without a stay; (3) whether a stay will substantially injure the other parties interested in the proceedings; and (4) the public interests at play.  *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).  "The first two factors are the most critical, and when likelihood of success is totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay."  *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 22-1183, 2022 WL 2677746, at *3 (2d Cir. July 12, 2022) (internal quotes and citations omitted).

Having considered those factors, I conclude that defendant has not met his burden of showing that a stay is warranted.  First, I do not believe that there is a significant likelihood of success on appeal.  The reasons for my decision granting the Government's motion to medicate Boima were set forth in the Court's Decision and Order, and will not be repeated here, but that decision was based on evidence presented over the course of a two-day hearing.  In particular, the Court heard testimony of two Government witnesses, a psychologist and a psychiatrist, who testified about Boima's mental and psychological condition and the likely efficacy of psychotropic medication.  That evidence was not rebutted by the defense.  In concluding that medication should be administered, the Court weighed the relevant factors under *Sell v. United States*, 539 U.S. 166 (2003), and I see little reason to think the Court's order is likely to be vacated or reversed on appeal.

With respect to irreparable harm, one could certainly argue that in a literal sense, defendant is being "harmed" by *not* being medicated.  He needs treatment which is available to make him "better."  The evidence presented at the hearing indicated that without medication, Boima's mental condition will likely continue to deteriorate, possibly to the point that there would be no chance of ever restoring him to competency.

**CONCLUSION**

Defendant's motion (Dkt. #35) for a stay of the Court's Order entered January 19, 2023 is

denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 2, 2023.

-4-